NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
Richard H. Hikida, Bar No. 196149
rhikida@trialnewport.com
David W. Reid, Bar No. 267382
dreid@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
4100 Newport Place, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LOPEZ, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>PALEOHACKS, LLC, a Nevada limited liability company; and DOES 1 – 10, inclusive,<br><br>     Defendants. | Case No. __'16CV0716 AJB  MDD__<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. VIOLATIONS OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (BUSINESS AND PROFESSIONS CODE §§ 17600-17604); and<br>2. VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW (BUSINESS AND PROFESSIONS CODE §§ 17200-17204). |

Plaintiff Matthew Lopez ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION & OVERVIEW OF CLAIMS

1.     Plaintiff brings this class action on behalf of himself and a class of others similarly situated consisting of all persons in the United States who, within the applicable statute of limitations period, purchased subscriptions for any products (such as Paleo snack products) from Paleohacks, LLC ("Paleo Hacks" or "'Defendant"). The class of others similarly situated to Plaintiff is referred to herein as "Class Members." The claims for damages, restitution, injunctive and/or other equitable relief, and reasonable attorneys' fees and costs arise under California Business and Professions Code (hereinafter "Cal. Bus. & Prof. Code") §§ 17602, 17603, and 17604) and 17200, *et seq.*, and California Code of Civil Procedure § 1021.5. Plaintiff and Class Members are consumers for purposes of Cal. Bus. & Prof. Code §§ 17600-17606.

2.     During the Class Period, Defendant made automatic renewal or continuous service offers to consumers in and throughout the United States and failed to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer in violation of Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b). As a result, all goods, wares, merchandise, or products sent to Plaintiff and Class Members under the automatic renewal of continuous service agreements are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603.

3.     As a result of the above, Plaintiff, on behalf of himself and Class Members, seeks damages, restitution, declaratory relief, injunctive relief and reasonable attorneys' fees and costs pursuant to Cal. Bus. & Prof. Code, §§ 17603, 17203, and 17204, and Code of Civil Procedure § 1021.5.

/ / /

/ / /

CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

4.     This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than Defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

5.     This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

**PARTIES**

7.     Plaintiff purchased a subscription plan from Defendant in California during the Class Period.  Plaintiff and Class Members are consumers as defined under Cal. Bus. & Prof. Code § 17601(d).

8.     Defendant Paleohacks, LLC is a Nevada limited liability company with its principal place of business located at 311 West Third Street, Suite 3991, Carson City, Nevada 89703.  Defendant operates in California and throughout the United States, and has done business throughout California and the United States at all times during the Class Period.  Also during the Class Period, Defendant made, and continues to make, automatic renewal or continuous service offers to consumers in California and the United States.  Defendant operates a website, www.paleolifebox.com, which markets subscriptions for Paleo snack products.

9.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of

1    Court to amend this Complaint to reflect the true names and capacities of the DOE
2    Defendants when such identities become known.

3        10.    At all relevant times, each and every Defendant was acting as an agent
4    and/or employee of each of the other Defendants and was acting within the course
5    and/or scope of said agency and/or employment with the full knowledge and consent of
6    each of the Defendants.  Each of the acts and/or omissions complained of herein were
7    alleged and made known to, and ratified by, each of the other Defendants (Paleohacks,
8    LLC and DOE Defendants will hereafter collectively be referred to as "Defendant").

9                              **FACTUAL BACKGROUND**
10   **California Business Professions Code §§ 17600-17606**

11       11.    On December 1, 2010, sections 17600-17606 of the Cal. Bus. & Prof.
12   Code came into effect.  The Legislature's stated intent for this Article was to end the
13   practice of ongoing charges to consumers' Payment Methods without consumers'
14   explicit consent for ongoing shipments of a product or ongoing deliveries of service.
15   *See* Cal. Bus. & Prof. Code § 17600.

16       12.    Cal. Bus. & Prof. Code § 17602(a)(3) makes it unlawful for any business
17   making an automatic renewal or continuous service offer to a consumer in this state to
18   fail to provide an acknowledgment that includes the automatic renewal or continuous
19   service offer terms, cancellation policy, and information regarding how to cancel in a
20   manner that is capable of being retained by the consumer. If the offer includes a free
21   trial, the business shall also disclose in the acknowledgment how to cancel and allow
22   the consumer to cancel before the consumer pays for the goods or services.

23       13.    Cal. Bus. & Prof. Code § 17601(a) defines the term "Automatic renewal"
24   as a "plan or arrangement in which a paid subscription or purchasing agreement is
25   automatically renewed at the end of a definite term for a subsequent term."

26       14.    Cal. Bus. & Prof. Code § 17601(b) defines the term "Automatic renewal
27   offer terms" as "the following clear and conspicuous disclosures: (1) That the
28   subscription or purchasing agreement will continue until the consumer cancels. (2) The

CLASS ACTION COMPLAINT

description of the cancelation policy that applies to the offer. (3) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known. (4) The length of the automatic renewal term or that the service is continuous, unless the length of the tern is chosen by the consumer. (5) The minimum purchase obligation, if any."

15.    Pursuant to Cal. Bus. & Prof. Code § 17601(c), "clear and conspicuous" or "clearly and conspicuously'' means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbol ls or other marks, in a manner that clearly calls attention to the language."

16.    Section 17602(b) provides: "A business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

17.    Section 17603 of Cal. Bus. & Prof. Code provides: "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including. but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business."

/ / /

/ / /

**Defendant's Business**

18.     Defendant offers, at its website, found at www.paleolifebox.com, monthly, quarterly, and biannual subscriptions for deliveries of Paleo snack products. Defendant's product and services plan constitutes an automatic renewal and/or continuous service plan or arrangement for the purposes of Cal. Bus. & Prof. Code § 17601.

**Defendant Failed to Provide an Acknowledgment as Required by Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b)**

19.     After Plaintiff and Class Members subscribed to one of Defendant's subscription plans, Defendant sent to Plaintiff and Class Members email documents confirming their subscriptions and renewals, but has failed, and continues to fail, to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members in violation of Cal. Bus. & Prof. Code § 17602(a)(3).  Moreover, Defendant failed to provide Plaintiff and Class Members with an acknowledgement regarding how to cancel the subscription and allow Plaintiff and Class Members to cancel before payment, as required by Cal. Bus. & Prof. Code § 17602(b).

CLASS ACTION COMPLAINT

From: **Paleo Life Box** <hello@paleolifebox.com>
Date: Monday, October 26, 2015
Subject: Here's your Paleo Life Box order, ███████
To: ████████████████

## Thanks for joining the Paleo Life Box tribe!

Order # ████████  Placed on Oct 26 2015!

| Item | Quantity | Price |
|------|----------|-------|
| Paleo Life Box Subscription | 1 | $35.00 |
| **Subtotal** | | $35.00 |
| **Total** | | $35.00 |

From: **Paleo Life Box** <hello@paleolifebox.com>
Date: Wednesday, November 4, 2015
Subject: Paleo Life Box has sent you a refund
To: ████████████

Paleo Life Box

████████ ,

## Paleo Life Box has sent you a refund.

| Product Name | Subscription # |
|--------------|----------------|
| Paleo Life Box | ████████ |

Order # ████████  Placed on Oct 26 2015

- 6 -

Amount: $35.00

If you believe this is in error, please contact Customer Service at Paleo Life Box

Do not hestitate to reach out if you have any questions.

-- The Paleo Life Box Team

From: **Paleo Life Box** <hello@paleolifebox.com>
Date: Wednesday, November 4, 2015
Subject: Paleo Life Box Issue / Free Box
To: ██████████████████

Hey ████████,

I wanted to let you know that we had an issue with our fulfillment company this month, and a handful of our orders were lost in transit. As a result, I've refunded you for this month's box, and given you next month's box free.

We're switching fulfillment companies and guarantee your upcoming boxes will arrive to you on time.

Sorry again for this.

Thanks,
Ali

--

PaleoLifeBox.com
hello@paleolifebox.com

CLASS ACTION COMPLAINT

From: **Paleo Life Box** <hello@paleolifebox.com>
Date: Tuesday, November 10, 2015
Subject: Your Paleo Life Box subscription has renewed!
To: ███████████████

Paleo Life Box

# Your subscription at Paleo Life Box has renewed successfully!

Renewed on Nov 10 2015

| Item | Quantity | Price |
|---|---|---|
| Paleo Life Box Subscription | 1 | $35.00 |
| SKU: ███████ | | |
| ( FREE ) "Free" | | -$35.00 |
| **Subtotal** | $0.00 | |
| **Total** | $0.00 | |

**Shipping to:**



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

From: **Paleo Life Box** <hello@paleolifebox.com>
Date: Thursday, December 10, 2015
Subject: Your Paleo Life Box subscription has renewed!
To: ███████████████

Paleo Life Box

# Your subscription at Paleo Life Box has renewed successfully!

Renewed on Dec 10 2015

| Item | Quantity | Price |
|---|---|---|
| Paleo Life Box Subscription | 1 | $35.00 |
| SKU: ████████ | | |
| **Subtotal** | $35.00 | |
| **Total** | $35.00 | |

**Shipping to:**



CLASS ACTION COMPLAINT

From: **Paleo Life Box** <hello@paleolifebox.com>
Date: Wednesday, February 10, 2016
Subject: Your Paleo Life Box subscription has renewed!
To: ███████████

Paleo Life Box

## Your subscription at Paleo Life Box has renewed successfully!

Renewed on Feb 10 2016

| Item | Quantity | Price |
|---|---|---|
| Paleo Life Box Subscription | 1 | $35.00 |
| SKU: ████████ | | |
| **Subtotal** | $35.00 | |
| **Total** | $35.00 | |

**Shipping to:**



CLASS ACTION COMPLAINT

From: **Paleo Life Box** <hello@paleolifebox.com>
Date: Thursday, March 10, 2016
Subject: Your Paleo Life Box subscription has renewed!
To: ███████████████

Paleo Life Box

# Your subscription at Paleo Life Box has renewed successfully!

Renewed on Mar 10 2016

| Item | Quantity | Price |
|------|----------|-------|
| Paleo Life Box Subscription | 1 | $35.00 |
| SKU: ███████ | | |
| **Subtotal** | $35.00 | |
| **Total** | $35.00 | |

**Shipping to:**

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure. The proposed Class (the "Class") that Plaintiff seeks to represent is composed of and defined as:

CLASS ACTION COMPLAINT

"**All persons within the United States that, within the applicable statute of limitations period, purchased any product or service in response to an offer constituting an "Automatic Renewal" as defined by § 17601(a) from Paleohacks, LLC, its predecessors, or its affiliates**."

21.    Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter, and any callers who did receive a warning that their calls were recorded.

22.    This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3).   This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

23.    [Fed. R. Civ. P. 23(a)(1)]  The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes hundreds of thousands of members.  Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

24.    [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

/ / /

i)    Whether Defendant failed to provide an acknowledgement that included the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members, in violation of Cal. Bus. & Prof. Code § 17602(a)(3);

ii)   Whether Defendant failed to provide an acknowledgment that describes a cost-effective, timely, and easy-to-use mechanism for cancellation in violation of Cal. Bus. & Prof. Code § 17602(b);

iii)  Whether Plaintiff and the Class Members are entitled to restitution of money paid in circumstances where the goods and services provided by Defendant are deemed an unconditional gift in accordance with Cal. Bus. & Prof. Code § 17603;

iv)   Whether Plaintiff and Class Members are entitled to restitution in accordance with Cal. Bus. & Prof. Code §§ 17200, 17203;

v)    Whether Plaintiff and Class Members are entitled to injunctive relief under Cal. Bus. & Prof. Code § 17203;

vi)   Whether Plaintiff and Class Members are entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5; and

vii)  The proper formula(s) for calculating the restitution owed to Class Members.

25.   [Fed. R. Civ. P. 23(a)(3)] Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendant's common course of conduct as complained of herein. The losses of each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

26.   [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

CLASS ACTION COMPLAINT

27.    [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

28.    [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members.

20.    [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

30.    [Fed. R. Civ. P. 23(b)(2)] Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE ACKNOWLEDGMENT

## WITH AUTOMATIC RENEWAL TERMS

## AND INFORMATION REGARDING CANCELLATION POLICY

CLASS ACTION COMPLAINT

**(CAL. BUS. & PROF. CODE §§ 17602(a)(3), 17602(b))**

**(By Plaintiff, on his own behalf and on behalf of the Class, against All Defendants)**

31.     The foregoing paragraphs are alleged herein and are incorporated herein by reference.

32.     Cal. Bus. & Prof. Code§ 17602(a)(3) provides:

> (a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

>> (3) Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

> Cal. Bus. & Prof. Code § 17602(b) provides:

> "A business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

33.     Defendant failed to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members.

34.     As a result of Defendant's violations of Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b), Defendant is subject to all civil remedies under Cal. Bus. & Prof. Code § 17604 that apply to a violation of Article 9, of Chapter 1 of Part 3, of Division 7 of the Cal. Bus. & Prof. Code.

35.     Plaintiff, on behalf of himself and Class Members, requests relief as described below.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE UNFAIR COMPETITION LAW**

**(CAL. BUS. & PROF. CODE§ 17200 *et. seq.*)**

**(By Plaintiff, on his own behalf and on behalf of the Class, against All Defendants)**

36.    The foregoing paragraphs are alleged herein and are incorporated herein by reference.

37    Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL") prohibits unfair competition in the form of any unlawful or unfair business act or practice. Cal. Bus. & Prof. Code § 17204 allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself or herself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

38.    Since December l, 2010, and continuing to the present, Defendant has committed unlawful and/or unfair business acts or practices as defined by the UCL, by violating Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b).  The public policy which is a predicate to a UCL action under the unfair prong of the UCL is tethered to a specific statutory provision.  *See* Cal. Bus. & Prof. Code §§ 17600, 17602.

39.    As a direct and proximate result of Defendant's unlawful, and/or unfair acts and practices described herein, Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiff and Class Members in the form of payments made for subscription agreements by Plaintiff and Class Members. Defendant has profited from its unlawful and/or unfair acts and practices in the amount of those business expenses and interest accrued thereon.

40.    Plaintiff and similarly-situated Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all monies paid by Class Members under the subscription agreements from December 1, 2010, to the date of such restitution at rates specified by law.  Defendant should be required to disgorge all the

CLASS ACTION COMPLAINT

profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

41. Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202, and to obtain injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.

42. Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of himself and other similarly-situated Class Members. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. An award of reasonable attorneys' fees to Plaintiff is thus appropriate pursuant to California Code of Civil Procedure§ 1021.5.

43. Plaintiff, on behalf of himself and Class Members, request relief as described below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

A. That the Court determine that this action may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure, and define the Class as requested herein;

B. That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(3) by failing to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members;

C. That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(b) by failing to provide an acknowledgment that describes a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation.

CLASS ACTION COMPLAINT

D.     That the Court find and declare that Defendant has violated the UCL and committed unfair and unlawful business practices by violating Cal. Bus. & Prof. Code § 17602.

E.     That the Court award to Plaintiff and Class Members damages and full restitution in the amount of the subscription payments made by them pursuant to Cal. Bus. & Prof. Code§ 17603, in an amount to be proved at trial;

F.     That Defendant be ordered to pay restitution to Plaintiff and the Class due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in the amount of their subscription agreement payments;

G.     That the Court find that Plaintiff and Class Members are entitled to injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203;

H.     That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5, and/or other applicable law; and

I.     That the Court award such other and further relief as this Court may deem appropriate.

Dated:  March 25, 2016                    NEWPORT TRIAL GROUP, APC


                                          By: _/s/ Scott J. Ferrell_____
                                          Scott. J. Ferrell
                                          Attorney for Plaintiff

CLASS ACTION COMPLAINT

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on March 25, 2016, I electronically filed the foregoing

3  **CLASS ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF

4  system which will send notification of such filing via electronic mail to all counsel of

5  record.

6                                          */s/ Scott J. Ferrell*_____
                                           Scott. J. Ferrell
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28